UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TREVELL TREMAINE HICKS,<br><br>    Defendant. | Criminal No.  08-50<br>(Mag. Crim. No. 08-076)<br>RMU/DAR |

**MEMORANDUM OF FINDINGS OF FACT
AND STATEMENT OF REASONS IN
SUPPORT OF ORDER OF DETENTION**

**I.  INTRODUCTION**

Defendant is charged with possession with intent to distribute a mixture and substance containing phencyclidine, also known as PCP, in violation of 21 U.S.C. § 841(a)(1), and with unlawful possession of a firearm following a felony conviction in violation of 18 U.S.C. § 922(g)(1).  The undersigned United States Magistrate Judge conducted a consolidated preliminary and detention hearing on February 19, 2008.[1]

Upon consideration of the evidence adduced at the hearing, the proffers and arguments of counsel and the entire record herein, Defendant was ordered held without bond pursuant to 18 U.S.C. § 3142(f)(1)(E).  The findings of fact and statement of reasons in support of the Order of Detention follow.

**II.  THE BAIL REFORM ACT**

---

[1] At the time of the hearing, Defendant was charged by an Amended Criminal Complaint.  He has since been indicted.

United States v. Hicks                                                                                                    2

      The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. United States v. Salerno, 481 U.S. 739, 755 (1987); United States v. Simpkins, 826 F.2d 94, 98 (D.C. Cir. 1987); United States v. Perry, 788 F.2d 100, 113 (3d Cir. 1986); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986).

      Where the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of defendant as required, it has the burden of establishing by a preponderance of the evidence that the defendant will flee before trial if released. United States v. Vortis, 785 F.2d 327, 328-29 (D.C. Cir.), cert. denied, 479 U.S. 841 (1986). The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance." United States v. Westbrook, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

      In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. 18 U.S.C. § 3142(g).

United States v. Hicks                                                                                                          3

      A rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community arises if the judicial officer finds that there is probable cause to believe that the defendant committed an offense under the Controlled Substances Act, 21 U.S.C. § 801 et seq., for which a maximum period of incarceration of ten years or more is prescribed. 18 U.S.C. § 3142(e).

### III. DISCUSSION

      The government's sole witness Officer Michael Jewell of the Metropolitan Police Department ("MPD") testified in substantial conformity with the statement of facts contained in the Amended Affidavit in Support of Criminal Complaint attached to the Amended Criminal Complaint (Document No. 3). The undersigned found probable cause.

      Counsel for the government, in further support of the government's request for pretrial detention, proffered the contents of the report prepared by the Pretrial Services Agency, which indicates that the Defendant, at the time of the instant offense: (1) had a criminal record that included an armed bank robbery conviction in 1998, and (2) was on supervised release in two separate cases, the 1998 conviction for armed bank robbery and a 2006 conviction for possession of a firearm following a felony conviction. Counsel for the government, based on the facts alleged in this case, further argued that the Defendant is a danger to the community and is not amendable to community supervision.

      Defendant offered no evidence. Through his counsel, Defendant opposed the government's contention that he is a danger to the community. Counsel for the Defendant advised the court that the 2006 conviction was not for possession for a firearm following a felony

United States v. Hicks                                                                                                              4

conviction, but rather the Defendant pled guilty to the offense of carrying a pistol without a license. Defendant conceded that his conviction of armed bank robbery constitutes a crime of violence, however, he advised the court that the conviction occurred nearly ten years ago. Defendant also proffered that he has never been charged with failure to appear in court.

### IV.  **FINDINGS OF FACT**

Upon consideration of the factors enumerated at Section 3142(g) of the Act, the undersigned finds by clear and convincing evidence that no condition of release or combination of conditions would reasonably assure the safety of the community. First, the nature and circumstances of the offense charged indicate that the Defendant was engaged in the distribution of phencyclidine, also known as PCP.

Second, for the reasons offered by counsel for the government, the undersigned finds that the weight of the evidence against the Defendant is compelling.

Third, Defendant's history and characteristics militate against pretrial release. Of particular significance is that it is undisputed that Defendant was on supervised release in two separate cases at the time of the instant offenses. In addition, the Pretrial Services Agency report indicates that the Defendant was not in compliance with his conditions of release in either case.

Finally, the undersigned is satisfied that the toll which distribution of PCP has taken and continues to take upon this community is well-documented and need not be repeated here. The undersigned finds that the evidence of Defendant's possession of a firearm and his involvement in the distribution of controlled substances demonstrates that his release would pose a danger to the community, and that he is not amenable to community supervision.

United States v. Hicks 5

The undersigned has carefully considered Defendant's proffer, and makes no further findings with respect to the extent to which conditions could be fashioned to reasonably assure the Defendant's appearance in court, but finds the proffer insufficient to rebut the presumption of dangerousness. United States v. Alatishe, 768 F.2d 364, 371 (D.C. Cir. 1985).

## V. CONCLUSION

On the basis of the foregoing findings of fact and reasons, Defendant will be held without bond pursuant to the February 19, 2008 Order of Detention.

/s/
DEBORAH A. ROBINSON
United States Magistrate Judge

April 4, 2008
DATE

February 19, 2008
NUNC PRO TUNC