UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL NO. 08-050 (RMU) |
| : | |
| TREVELL HICKS, : | |
| : | |
| Defendant. : | |
| _____ : | |

### UNITED STATES' MOTION TO ADMIT OTHER CRIMES EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to permit the introduction, pursuant to Federal Rule of Evidence 404(b) ("Rule 404(b)"), of prior misconduct, all of which is relevant to prove defendant's intent, knowledge, motive, plan, preparation, and absence of mistake. In support of its motion, the United States relies on the following points and authorities, and such other points and authorities as may be cited at a hearing on this matter:

**Factual Summary**

1. The defendant is charged in a three-count indictment with the following crimes: possession with intent to distribute phencyclidine (PCP), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii), unlawful possession of a firearm by a person convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 924(g)(1), and using, carrying and possessing a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1).

2. At a hearing or trial in this matter, government counsel expects the evidence for these charges to demonstrate substantially as follows:

On February 8, 2008, officers with the Metropolitan Police Department (MPD) were conducting narcotic observations in the parking lot of an apartment complex in the 1700 block of Benning Road, N.E. At approximately 12:30 a.m., an under cover officer (UC) observed the defendant and an unknown buyer walk onto the lot from Benning Road. The two men stopped in front of a burgundy Dodge Stratus that was parked on the lot and had a conversation. The buyer handed the defendant some money and the defendant walked over to the driver's side of the Stratus. The defendant opened the driver's door of the Stratus. The UC saw the defendant bend over and reach into the driver's side of the car. After a few seconds, the defendant came back out of the Stratus with an object in his hand, shut the door, and walked around the rear of the Stratus toward the buyer. The defendant approached the buyer and the buyer handed a cigarette to the defendant. The UC watched the defendant unscrew the top from a vial that he was holding in his hand and dip the cigarette into the vial. The defendant handed the cigarette to the buyer and screwed the cap back onto the vial. The defendant walked back to the Stratus, opened the driver's-side door and leaned inside. After a few seconds, the defendant closed the door and walked toward an apartment building next to the parking lot. At the same time, the buyer was walking out of the parking lot toward 17th Street. The UC radioed the arrest team that was waiting nearby. In the broadcast, the UC provided the arrest team with a description of the defendant and informed them that the defendant was entering an apartment building. The UC officer directed the officers to the apartment building and as they approached the building they could see the defendant standing in the lobby with several women. The defendant stepped out of the door to the building and was immediately stopped. The defendant was identified by the UC as the person engaged in drug transactions and placed under arrest.

The officers searched the defendant and recovered $576 from his right front pants pocket. They did not recover any keys to the Stratus. However, Officer Chaplin went to the Stratus and when he shined his flashlight into the Stratus he saw a bottle of PCP in the map pocket on the driver's side door. Officer Bauserman used a "slim Jim" to unlock the door to the Stratus. The officers entered the Stratus and recovered two full half-ounce bottles of PCP and another one-ounce bottle that was approximately 1/4 full of PCP from the map pocket on the driver's door. In addition, they recovered a loaded (9 rounds) Glock 21 .45-cal semiautomatic pistol under the driver's seat. The Stratus was not registered to the defendant, but personal papers in the name of the defendant were recovered from the glove compartment.

### Prior Convictions

3.      The defendant has two prior convictions involving facts that are relevant for the jury's consideration of this case: CR05-293 (D.C.) and CR98-286 (MD). On June 28, 1998, the defendant and three co-defendants robbed the Montgomery County Teacher's Federal Credit Union in Germantown, Maryland. One of the co-defendants used a .45-caliber semiautomatic pistol in the commission of the robbery. Consequently, the defendant was convicted of armed robbery and use of a firearm in a crime of violence. The defendant remained in jail serving a sentence on these two offenses until he was released on July 7, 2005. The next day, on July 8, 2005, the defendant was observed by undercover MPD officers engaging in suspicious drug activity in the 1800 block of Benning Road (one block form the offense in this case). Officers stopped the defendant and discovered that he was carrying a .40-caliber, High Point semiautomatic pistol. The defendant later pled guilty to unlawful possession of a firearm by a person convicted of a crime punishable by imprisonment for a term exceeding one year in

violation of 18 U.S.C. § 924(g)(1), and carrying a pistol without a license in violation of 22 D.C. Code § 4504.  **See Exhibit 1 - Proffer of Facts from CR05-293.**

**Argument**

4.	Under Rule 404(b), the circumstances surrounding the aforementioned convictions provide proof in this case that defendant's possession of the pistol, and to a lesser degree the PCP, was done knowingly and intentionally, and was not the result of inadvertence, mistake, or accident.  It also provides proof of motive, intent, plan, and preparation to distribute the narcotics found in the car he was using.  Because of his prior convictions, the defendant is aware that one can be convicted of weapons-related offenses even if he is not in actual possession of the gun.  In 1998, one of his co-defendants was carrying the pistol that resulted in this defendant being convicted of armed robbery.  The defendant is also aware that the 1700 and 1800 blocks of Benning road are known to the police as high drug areas since suspicious drug activity was the impetus for his prior arrest in the same area.  The fact that the defendant was previously arrested in the same location, based on suspicious drug activity, and was carrying a pistol is certainly relevant to prove that the defendant's relationship to the weapon and drugs recovered from the car in this case was knowoing and intentional rather than inadvertent or by mistake.

5.	Rule 404(b) provides that evidence of "other crimes, wrongs, or acts" is not admissible to prove a defendant's character, but is admissible for any non-propensity purpose, including motive, intent, plan, knowledge, and absence of mistake.  See United States v. Bowie, 232 F.3d 923, 926, 930 (D.C. Cir. 2000).  Importantly, this rule is one of "inclusion rather than exclusion."  Id. at 929.  As the Court of Appeals has noted en banc, while the first sentence of

the rule is framed restrictively, the rule is actually quite permissive, prohibiting the admission of other crimes evidence in but one circumstance – for the purpose of proving that a person's actions conformed to his character.  United States v. Crowder, 141 F.3d 1202, 1206 (D.C. Cir. 1998) (en banc) (Crowder II).  In short, Rule 404(b) bars "not evidence as such, but a theory of admissibility."  Id. at 1202.  As the Court stated in United States v. Cassell, 292 F.3d 788, 795 (D.C. Cir. 2002), "[t]rue, the evidence may tend to show that [defendant] is a person of bad character, but Rule 404(b) does not thereby render it inadmissible.  To reiterate what we have stated before . . . under Rule 404(b), 'any purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character.'"  (citing United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990)) (emphasis in original).

6.      Such evidence is, of course, subject like all evidence to the strictures of Rule 403.  Thus, the admissibility of other crimes evidence rests on a two-step inquiry: 1) whether the other crimes evidence is relevant to an issue other than the defendant's character or propensity, and if so, 2) whether the evidence is admissible under Rule 403 because its probative value is not substantially outweighed by the danger of unfair prejudice.  United States v. Moore, 732 F.2d 983, 987 (D.C. Cir. 1984).

7.      As its language reflects, Rule 403 "tilts, as do the rules as a whole, toward the admission of evidence in close cases" -- even when other crimes evidence is involved.  Moore, 732 F.2d at 989.  See Huddleston v. United States, 485 U.S. 681, 688-89 (1988) ("Congress was

not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence as it was with ensuring that restrictions would not be placed on the admission of such evidence").[1]

8.     In the instant case, the government must prove that the defendant knowingly and intentionally possessed the narcotics, the gun and the ammunition that were ultimately recovered from his vehicle.  This means the defendant did so consciously, voluntarily, and on purpose, not mistakenly, accidentally, or inadvertently."  See Criminal Jury Instructions (the "Red Book"), Instruction 4.28.  The jury will be instructed that "[m]ere presence near something or mere knowledge of its location is not enough to show possession."  Red Book, Instruction 3.08.  The jury will further be instructed that the government must prove the defendant's specific state of mind with respect to the drugs and the pistol, that is, that he intended to possess them.  Red Book, Instruction 4.28.  Moreover, the jury will be instructed that the government must prove that when the defendant possessed the controlled substance, he had the specific intent to distribute it, and that "distribute" means to transfer or attempt to transfer to another person.  Red Book, Instruction 4.29.  Therefore, the government's burden of proving intentional possession, intent to distribute, and lack of mistake or accident, is substantial.  Each of these elements is directly addressed by the proffered evidence.

---

[1] As for the burden that must be met in presenting other crimes evidence, the Court is not required to make any sort of preliminary finding or to weigh the evidence as to the other crimes. Indeed, as the Supreme Court has emphasized, "[i]n determining whether the Government has introduced sufficient evidence to meet Rule 404(b), the trial court neither weighs credibility nor makes a finding that the Government has proved the conditional fact by a preponderance of the evidence." Huddleston, 485 U.S. 690, 685 (emphasis added). Instead, the trial court "simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact [other crimes evidence] . . . by a preponderance of the evidence." Id. at 690. And in doing so, the trial court must consider all the pieces of evidence presented to the jury, both as to the other crimes evidence and the charged conduct. Id.

9. "As the Supreme Court has noted, 404(b) evidence may be critical to the establishment of the truth as to a disputed issue, <u>especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct</u>." <u>United States v. Clarke</u>, 24 F.3d 257, 265 (D.C. Cir. 1994) (citing <u>Huddleston</u>, 485 U.S. at 685) (emphasis added in <u>Clarke</u>). Indeed, the Rule 404(b) evidence the government seeks to admit at trial, <u>i.e.</u>, prior possession to prove knowledge, intent, and absence of mistake regarding current possession, is precisely the same sort of other crimes evidence for which admission at trial has been upheld in the past. For example, in <u>Crowder II</u>, 141 F.3d at 1202, other crimes evidence was admitted to show the defendant's knowledge, intent, and motive. The Court in <u>Crowder II</u> stated:

> A defendant's hands-on experience in the drug trade cannot alone prove that he possessed drugs on any given occasion. But it can show that he knew how to get drugs, what they looked like, where to sell them and so forth. Evidence of a defendant's experience in dealing drugs -- evidence that is, of his "bad acts" -- thus may be a "brick" in the "wall" of evidence needed to prove possession. See Fed.R.Evid. 401, advisory committee notes.

<u>Id.</u> at 1209 n. 5. The government seeks to do nothing more in the instant case – <u>i.e.</u>, to show the defendant's intent, knowledge, motive, plan, opportunity and absence of mistake with respect to the drugs and gun he possessed. <u>Id.</u>

10. All of the "other crimes" evidence described above is highly probative of the defendant's knowing and intentional possession of the drugs, gun, and ammunition in this case. Moreover, this evidence is also probative in showing that the defendant's possession of the drugs, gun, and ammunition were not the result of mistake or accident. The significant probative value of the evidence here is clearly not outweighed by the danger of unfair prejudice in this case.

Whatever prejudice the defendant may perceive, moreover, can adequately be addressed through the use of a limiting instruction to the jury.

      11.    Numerous cases in this Circuit demonstrate that evidence of a prior or subsequent possession of drugs or firearms is admissible as 404(b) evidence. See, Cassell, 292 F.3d at 793 ("We have previously held that 'in cases where a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged'") (citation omitted). In United States v. Garner, 396 F.3d 438, 443 (D.C. Cir. 2005), the Court of Appeals reiterated that the admission of Rule 404(b) evidence is appropriate where the charged offense is based on a theory of constructive possession, particularly, as in this case, "where the contraband is discovered in a place occupied by more than one person." (citing United States v. Jenkins, 981 F.2d 1283 (D.C. Cir. 1991)); See also Cassell, 292 F.3d at 796 (the fact that defendant previously possessed weapons "tends to make it less probable that the weapons recovered from his bedroom were there without his knowledge, without intent, or by accident or mistake") (citing United States v. Brown, 16 F.3d 423, 432 (D.C. Cir.)), cert. denied, 513 U.S. 900 (1994); Bowie, 232 F.3d at 930 (evidence that defendant "possessed and passed counterfeit notes on a prior occasion" relevant because "it decreased the likelihood that [he] accidentally or innocently possessed the counterfeit notes"); United States v. Toms, 136 F.3d 176, 183-84 & nn. 11-12 (D.C. Cir. 1998) (in constructive possession case, evidence of prior drug activities and firearm possession was admissible to show intent, motive, knowledge, and/or absence of mistake with respect to the instant firearm); United States v. Latney, 108 F.3d 1446, 1448 (D.C. Cir.) (evidence of defendant's other possession of crack admissible in trial charging aiding and

abetting distribution of crack), cert. denied, 522 U.S. 940 (1997); Clarke, 24 F.3d at 264 (evidence of prior sales of cocaine by defendants admissible to establish intent regarding their possession of large amounts of cocaine on dates charged in the indictment); United States v. Washington, 969 F.2d 1073, 1080-81 (D.C. Cir. 1992) (when defendant is charged with distribution and possession with intent to distribute drugs, 404(b) evidence of his prior drug activity was admissible to demonstrate intent, knowledge, plan and absence of mistake), cert. denied, 507 U.S. 922 (1993); and United States v. Johnson, 40 F.3d 436, 441 n.3 (D.C. Cir. 1994) (proper to admit evidence of a prior drug transaction as bearing on intent to possess), cert. denied, 514 U.S. 1041 (1995).

WHEREFORE, for the reasons stated above, the United States respectfully submits that the government's motion to admit other crimes evidence pursuant to Federal Rule of Evidence 404(b) should be granted.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
Bar No. 498610

By: _____
CHARLES NEIL FLOYD
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W., Rm. 4243
Washington, D.C. 20530
(202) 305-2195

**Certificate of Service**

      I hereby certify that a copy of the United States' Motion to Admit Other Crimes Evidence Pursuant to Federal Rule of Evidence 404(b), was served by first class mail upon counsel of record for the defendant, Danielle Jahn, Esq., at 625 Indiana Ave., N.W., Suite 550, Washington, D.C. 20004, this 2nd day of June, 2008.

 

_____
Charles Neil Floyd
Assistant United States Attorney