UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Cr. No. 08-050 (RMU) |
| | ) | |
| TREVELL T. HICKS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**DEFENDANT'S MOTION TO SUPPRESS IDENTIFICATION EVIDENCE AND
INCORPORATED MEMORANDUM IN SUPPORT THEREOF**

Mr. Trevell Hicks, the defendant, through undersigned counsel, moves to suppress as evidence against him at trial testimony about out-of-court and in-court identifications, on the ground that law enforcement officers used identification procedures that were unnecessarily suggestive. The resulting identifications of Mr. Hicks are unreliable and testimony about them should not be permitted at trial. Mr. Hicks asks that the Court hold an evidentiary hearing on his motion. The grounds for this motion are set forth below.

Mr. Hicks is charged in a three-count indictment with Count One - Unlawful Possession With Intent to Distribute Phencyclidine, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C); Count Two - Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1); and Count Three - Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1). The government alleges that on February 9, 2008, Mr. Hicks engaged in a drug transaction with "buyer" near a car in the 1700 block of Benning Road N.E.; left the scene; and was then apprehended in the hallway of a building at 1701 Benning Road N.E. After Mr. Hicks was stopped inside the hallway, officers

returned to the car near where the alleged drug transaction occurred. Officers then opened and searched the car after allegedly seeing vials of PCP in the driver's door pocket in plain view, and retrieved PCP, a gun, and ammunition from the car. It appears from various police reports in this case, that Mr. Hicks may have been identified by officers at various points as having been involved in the alleged transaction. Counsel has yet to see the photo arrays, if any, that were used. Counsel believes no line-ups were conducted. Counsel is unaware of whether any show-ups took place after Mr. Hicks was stopped by the officers. If they did, in all likelihood they occurred while he was in custody and handcuffed. Therefore, any identification procedure used in this case were unduly suggestive and unreliable.

## ARGUMENT

Identification evidence must be excluded at trial when police use a pretrial identification procedure so impermissibly suggestive that it gives rise to a "substantial likelihood of irreparable misidentification" in violation of the Due Process Clause. Manson v. Braithwaite, 432 U.S. 98, 107 (1977); see Simmons v. United States, 390 U.S. 377, 384 (1968); Stovall v. Denno, 388 U.S. 293, 301-02 (1967). "[R]eliability is the linchpin in determining the admissibility of identification testimony." Manson, 432 U.S. at 114. When a pretrial identification procedure is unnecessarily suggestive, the court must weigh "the corrupting effect of the suggestive identification" against the criteria for a reliable identification, including

> the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the degree of certainty demonstrated at the confrontation, and the time between the crime and the confrontation.

Id.

After an out-of-court identification that was unduly suggestive, the prosecution can elicit an in-court identification only after demonstrating that any in-court identification by the witness rests on a source independent of the tainted pretrial identification.  See United States v. Wade, 388 U.S. 218, 241 (1967).  If an out-of-court identification is unreliable and hence inadmissible, any subsequent in-court identification almost always will be inadmissible.

In this case, it appears likely that the police used unnecessarily suggestive identification procedures giving rise to a "substantial likelihood of irreparable misidentification" of Mr. Hicks as the person involved in the events leading to the arrest.  See Manson, 432 U.S. at 107.  The Court should therefore suppress evidence of his identification.  Because the defense has not received complete information about the circumstances of the identifications at this time, Mr. Hicks requests an opportunity to supplement this motion upon receipt of further information about the identification procedures used or following a hearing at which his counsel is able to elicit such information.

## CONCLUSION

For the reasons described above, this Court should suppress any identifications of Mr. Hicks.

Respectfully submitted,

\_\_/s/_____
Danielle C. Jahn
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C.  20004
(202)  208-7500

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| vs. | ) | **Cr. No. 08-050 (RMU)** |
| | ) | |
| **TREVELL T. HICKS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

Upon consideration of Defendant's Motion to Suppress Identification Evidence and finding good cause shown, it is this ___ day of _____, 2008, hereby

ORDERED that the motion is GRANTED.

_____
THE HONORABLE RICARDO M. URBINA
UNITED STATES DISTRICT JUDGE