UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Cr. No. 08-050 (RMU) |
| ) | |
| TREVELL T. HICKS, ) | |
| ) | |
| Defendant. ) | |

MOTION TO SUPPRESS STATEMENTS
AND INCORPORATED MEMORANDUM

Mr. Trevell T. Hicks, the defendant, through undersigned counsel, respectfully moves this Honorable Court, pursuant to the Fifth amendment to the United States Constitution, to suppress at trial all statements made by the Defendant on February 9, 2008. This motion is made pursuant to Fed. R. Crim. P. 12(b)(3), and is supported by the discussion below.

**FACTUAL BACKGROUND**[1]

Mr. Hicks is charged in a three-count indictment with Count One - Unlawful Possession With Intent to Distribute Phencyclidine, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C); Count Two - Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1); and Count Three - Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1). The charges arose out of an incident that occurred on February 9, 2008. On that date, officers of the Metropolitan Police Department stopped Mr. Hicks after observing an alleged drug transaction between him and another man

---

[1] This statement of the facts is a summary based on the PD 163 police report. By including in this motion the facts as alleged by government witnesses, Mr. Hicks does not in any way concede that these facts are accurate or true.

outside of a car. According to the officers, they searched the car after seeing a clear vial containing clear liquid in plain view in the driver's door pocket. The officers recovered three vials of PCP and a firearm from the car and then arrested Mr. Hicks.

According to the PD 163, Mr. Hicks made a statement to law enforcement officers at the scene of his arrest. As stated in the PD 163, Mr. Hicks allegedly stated the following: "I'm on probation for a bank robbery." It appears that there are no other statements that the government intends to use at trial against Mr. Hicks.

## ARGUMENT

Miranda requires suppression during the government's case-in-chief of any unwarned communication by the defendant in response to custodial interrogation. See, e.g., Pennsylvania v. Muniz, 496 U.S. 582, 110 S. Ct. 2638, 2643-44 (1990). A person is in "custody" under Miranda when he "has been . . . deprived of his freedom of action in any significant way." Miranda, 384 U.S. at 444. Whether a person is in custody depends upon "how a reasonable man in the suspect's position would have understood his situation." Berkemer v. McCarty, 468 U.S. 420, 442 (1984). "[T]he term 'interrogation' under Miranda refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody)." Rhode Island v. Innis, 446 U.S. 291, 301 (1980) (footnotes omitted). Thus a person must be advised of his Miranda rights when there are "words or actions on the part of the police ... that the police should know are reasonably likely to elicit an incriminating response from the suspect." Id. at 301.

With regard to the statement and actions at issue here, Mr. Hicks was clearly "in custody" for Miranda purposes. The test for custody is whether a reasonable person in Mr. Hicks's

position would have believed himself unfree in a significant manner. See Berkemer, 468 U.S. at 442; and see also, United States v. Bowyer, 985 F.Supp. 153 (D.D.C. 1997).

After a person has been taken into custody or otherwise deprived of his freedom of action in any significant way, the right to Miranda warnings applies when a defendant is subject to "interrogation ... not only express questioning," but also to "words or actions on the part of the police officers that they should have known were likely to elicit an incriminating response from the suspect." Innis, 446 U.S. at 301. Therefore, even if a defendant is in custody, Miranda rights do not attach until a defendant is interrogated. See United States v. Bowyer, 985 F.Supp. 153 (D.D.C. 1997). Whether the words or actions on the part of the police are reasonably likely to elicit an incriminating response is analyzed from the perception of the suspect, rather than the intent of the police. Innis, 446 U.S. at 301.

## CONCLUSION

For the reasons set forth above, and for such other reasons as this Court may determine at a hearing on this motion, Mr. Hicks respectfully requests that this motion be granted and that the Court suppress the use as evidence of the statement allegedly made by him.

Respectfully submitted,

\_\_/s/_____
Danielle C. Jahn
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| vs. | ) | Cr. No. 08-050 (RMU) |
| | ) | |
| **TREVELL T. HICKS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

Upon consideration of Defendant's Motion to Suppress Statements and finding good cause shown, it is this ___ day of _____, 2008, hereby

ORDERED that the motion is GRANTED.

_____
THE HONORABLE RICARDO M. URBINA
UNITED STATES DISTRICT JUDGE