UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Cr. No. 08-050 (RMU) |
| | : | |
| TREVELL T. HICKS, | : | |
| | : | |
| **Defendant** | : | |

### DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S
### MOTION TO INTRODUCE RULE 404(b) EVIDENCE

Trevell Hicks, through undersigned counsel, respectfully requests that this Court rule that the government is precluded from entering into evidence any proof of crimes, wrongs, or other bad acts, allegedly committed by Mr. Hicks and not charged in this indictment. In support of his request, Mr. Hicks submits the following memorandum in opposition to the government's motion seeking admission of Rule 404(b) evidence.

### BACKGROUND

Mr. Hicks is charged in a three-count indictment with Count One - Unlawful Possession With Intent to Distribute Phencyclidine, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C); Count Two - Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1); and Count Three - Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1).  The charges arose out of an incident that occurred on February 9, 2008.  On that date, officers of the Metropolitan Police Department stopped, arrested and searched Mr. Hicks.  According to the officers, they recovered a firearm and PCP from a car in which the officers previously observed Mr. Hicks.

According to the government's motion, the government is seeking to introduce Mr. Hicks's 1999 prior convictions for armed bank robbery and carrying/using a firearm during a crime of violence (Criminal Case # 98-286, District of Maryland) and a 2006 conviction for carrying a pistol without a license (Criminal Case #05-293, District of Columbia).  In both of these cases, Mr. Hicks pled guilty.  Further, there are no factual similarities between these two separate convictions in 1999 and 2006 to the current charge.  To begin, none of the officers involved in the previous convictions of Mr. Hicks are involved in his current charges.  None of his prior convictions include any information about controlled substances, including PCP.  The facts of his cases in 1999 and 2006 are fundamentally different than those of his current arrest.

In 1998, Mr. Hicks - along with three co-defendants, robbed a bank in Germantown, Maryland.  During this offense, Mr. Hicks was not armed, rather one of his co-defendants was "carrying the pistol that resulted in" Mr. Hicks being convicted of armed robbery.  See Gov't 404(b) Mot. at 4.  In 2005, Mr. Hicks was stopped by police and searched.  The police recovered a .40 caliber pistol from Mr. Hicks's waistband.  Therefore, in one instance Mr. Hicks did not actually possess a firearm, rather his co-defendant did; and in another instance, Mr. Hicks had a pistol on his person - not in a car as is the allegation here.  Therefore, these two incidents are entirely apposite from each other with regard to the facts.

## ARGUMENT

**I.     The Proffered Evidence Is Inadmissible Evidence of Other Crimes under Federal Rule of Evidence 404(b).**

In order for evidence of a prior bad act to be admissible, it must be both reliable and probative of a material issue other than character.  See United States v. Rawle, 845 F.2d 1244,

1247 (4th Cir. 1988); see also Fed. R. Evid. 404(b); United States v. Gaviria, 116 F.3d 1498, 1532 (D.C. Cir. 1997) (citing United States v. Clarke, 24 F.3d 257, 264 (D.C. Cir. 1994)). To be probative of a material issue, a prior bad act must speak to an essential element of the charged offense or furnish part of the context for the alleged crime.  See Rawle, 845 F.2d at 1247 n.4. The government bears the burden of demonstrating the relevance of the "prior bad acts" it seeks to have admitted.  See United States v. Hudson, 843 F.2d 1062, 1066 (7th Cir. 1988); cert. denied 496 U.S. 939, 110 S. Ct. 3221; United States v. Hogue, 827 F.2d 660, 662 (10th Cir. 1987).  The evidence at issue here is not admissible pursuant to Rule 404(b), because it is both unreliable and irrelevant to any material issue other than propensity.

     The evidence proposed in this case is not necessary to prove any relevant material issue. The government maintains that it seeks to do nothing more in this case than to show the defendant's intent, knowledge, or absence of mistake with respect to the firearm, and to a lesser degree the PCP, he is charged with possessing. The government seeks admission of the alleged prior possession to prove that Mr. Hicks acted intentionally and knowingly and therefore did not mistakenly, inadvertently, or accidentally possess the firearm and ammunition seized on February 9, 2008.  Because the only issue before the jury will be whether Mr. Hicks possessed the PCP and firearm, the government's proffered reasons for introducing other crimes evidence are not probative of any material issue.  At bottom, it appears that the government's only purpose for introducing evidence of a prior unlawful possession of a firearm and ammunition is to show that Mr. Hicks has the propensity to possess firearms.   This is the very purpose for which such evidence may not be admitted.  As the D.C. Circuit stated in the 2004 case of United States v. Linares, 367 F.3d 941 (D. C. Cir. 2004), "reliance by a trier of fact (on propensity evidence)

3

offends the long standing tradition that protects a criminal defendant from guilt by reputation and from unnecessary prejudice." See also Huddleston v. United States, 485 U.S. 681 (l988)(holding other crimes evidence is not admissible to show bad character and action in conformity therewith); United States v. Rhodes, 886 F.2d 375 (D.C. Cir. l989); United States v. Hernandez, 780 F.2d 113 (D.C. Cir. l986); United States v. Foskey, 636 F.2d 517 (l980); United States v. Shelton, 628 F.2d 54 (l980). Were Mr. Hicks to open the door to such evidence–by testifying, for instance, that he knows nothing about firearms or ammunition–the government might be able to introduce evidence concerning his prior convictions for armed robbery and carrying a pistol without a license.  Unless the defense opens such doors, however, evidence surrounding Mr. Hicks's prior unlawful possession of a firearm is simply irrelevant.

**II.     The Court Should Exclude the Evidence Pursuant to Federal Rule of Evidence 403 Because the Evidence Is More Prejudicial than Probative.**

Even if reliable and probative of a material issue, evidence of "prior bad acts" is nevertheless inadmissible if the probative value of the evidence is substantially outweighed by its likely prejudicial impact.  Fed. R. Evid. 403; Gaviria, 116 F.3d at 1532 (citing Clarke, 24 F.3d at 264).  Because of the potential for prejudice, "evidence indicating the accused's commission of an offense not on trial . . . is generally to be excluded."  United States v. Anderson, 509 F.2d 312, 328 (D.C. Cir. 1974) (quoting Robinson v. United States, 459 F.2d 847, 856  (D.C. Cir.  1972)).

The weak probative value of the alleged prior bad act stands in sharp contrast to the severe prejudicial impact that introduction of the evidence would have on the jury in this case.  Even with a limiting instruction, jurors would have a difficult time resisting the natural human impulse to make the impermissible inference that someone who has previously broken the law or

unlawfully possessed a firearm and ammunition in the past is more likely to break the law or unlawfully possess a firearm on a subsequent occasion – the very inference that Fed. R. Evid. 404(b) was intended to prevent.

## CONCLUSION

For the reasons set forth above, and for any other reasons that the Court may deem just and proper, Mr. Hicks requests the Court to deny the government's request to introduce evidence of the his prior armed robbery and carrying a pistol without a license convictions.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____

Danielle C. Jahn
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **Cr. No. 08-050 (RMU)** |
| | : | |
| **TREVELL T. HICKS,** | : | |
| | : | |
| **Defendant** | : | |

**ORDER**

Upon consideration of the United States' Motion Seeking Admission of Rule 404(b) Evidence, as well as the defendant's opposition thereto, it is by the Court hereby

**ORDERED** that the United States' motion is DENIED.

_____
THE HONORABLE RICARDO M. URBINA
UNITED STATES DISTRICT JUDGE

DATE: